United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACK WATSON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-23-1128 |
| | § | |
| RANDALL S. COOK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Angela Chevalier's motion to dismiss (Docket Entry No. 13). Although plaintiff was duly served a copy of the motion on June 27, 2024, he has not filed a response, and the motion is deemed unopposed. *See* S.D. TEX. L.R. 7.4.

Having considered the motion to dismiss, the pleadings, and the applicable law, the Court **GRANTS** the motion to dismiss in part for the reasons shown below.

### I.   BACKGROUND AND CLAIMS

Plaintiff, a state prisoner proceeding *pro se*, alleges that defendant prison officer Randall Cook ("Cook") used excessive force against him at the Ellis Unit on September 15, 2022, and that defendant Ellis Unit warden Angela Chevalier ("Chevalier") ordered plaintiff transferred to the Polunsky Unit on December 22, 2022, in retaliation for his filing grievances as to the use of force. (Docket Entry No. 7.) Plaintiff sues the defendants in their official and individual capacities under 42 U.S.C. § 1983 and seeks $20,000 in compensatory damages and $200,000 in punitive damages.

In her pending motion to dismiss, defendant Chevalier moves for dismissal of plaintiff's retaliation claim under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). In the alternative, she moves to dismiss based on qualified immunity.

## II.  ANALYSIS

### A.  FRCP 12(b)(1)

A motion to dismiss under FRCP 12(b)(1) challenges a court's jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A FRCP 12(b)(1) motion is properly granted when the court lacks the statutory or constitutional power to hear the case, such as when the claims are barred by a state's sovereign immunity. *See High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. 2019) (per curiam) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009)). Because a FRCP 12(b)(1) motion challenges the court's jurisdiction, a court should address a FRCP (12)(b)(1) motion before addressing a FRCP 12(b)(6) motion. *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming*, 281 F.3d at 161).

### B.  FRCP 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

The court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020).

To survive a motion to dismiss under FRCP 12(b)(6), the complaint must plead specific factual allegations, not conclusory allegations. *See Powers*, 951 F.3d at 305. The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly*, 550 U.S. at 556.

### C. Official Capacity Claims

Plaintiff seeks monetary damages against defendant Chevalier in her official capacity. Defendant Chevalier argues that plaintiff's official capacity claims against her for monetary damages are barred by sovereign immunity and should be dismissed.

Sovereign immunity bars actions against a state or state official unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* Nor has the State of Texas waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so.").

The fact that plaintiff has sued a state employee, rather than the State of Texas itself, does not change this analysis. When a government employee is sued in his or her official capacity, the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Plaintiff's claim for money damages against defendant Chevalier in her official capacity is construed as a claim against the State of Texas and is barred by the doctrine of sovereign immunity.

Defendant Chevalier is entitled to dismissal of plaintiff's claim for monetary damages against her in her official capacity, and the claim is **DISMISSED WITHOUT PREJUDICE** pursuant to FRCP 12(b)(1).

D.   Claim for Retaliation

Plaintiff states in his complaint that, following the use of force incident, he filed administrative grievances complaining about the incident. Plaintiff asserts that, at some point after he filed the grievances, defendant Chevalier transferred plaintiff to the Polunsky Unit in retaliation for the grievances. Although the Court accepts as true for purposes of FRCP 12(b)(6) plaintiff's allegations that he pursued administrative grievances and that he was later transferred to the Polunsky Unit, the Court does not accept as true plaintiff's conclusory assertion that defendant Chevalier transferred plaintiff in retaliation for filing the grievances.

Defendant Chevalier argues that plaintiff fails to plead factual allegations sufficient to raise a viable claim for retaliation under § 1983, and that the conclusory claim should be

4

dismissed pursuant to FRCP 12(b)(6). To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

To show causation as part of his retaliation claim, a plaintiff must allege facts showing that, but for the retaliatory motive, the complained of incident would not have occurred. *Gonzales v. Gross*, 779 F. App'x 227, 230 (5th Cir. 2019). That is, a prisoner must either (1) produce direct evidence of motivation, or (2) allege a chronology of events from which retaliation may plausibly be inferred. *Id*.

In this instance, plaintiff pleads only a conclusory assertion of retaliation without setting forth supporting factual allegations establishing either motivation (causation) or a chronology of events from which retaliation may be inferred. The claim is **DISMISSED WITHOUT PREJUDICE** pursuant to FRCP 12(b)(6).

Plaintiff is granted leave to file an amended complaint within **THIRTY DAYS** from date of this order, pleading factual allegations sufficient to raise a viable claim for retaliation under § 1983. No new claims may be raised against defendants Chevalier and Cook, and no new parties may be joined. The amended complaint must be filed on the standardized printed civil complaint form for use by *pro se* prisoners, and must be labeled as an amended complaint under this cause number to avoid the docketing of duplicate lawsuits.

E. Qualified Immunity

Defendant Chevalier moves for dismissal of plaintiff's claims against her as barred by qualified immunity. She contends that even if the Court were to conclude that plaintiff has sufficiently pleaded a viable retaliation claim, the claim should be dismissed because she is protected by qualified immunity.

The Court has determined that plaintiff has not pleaded factual allegations sufficient to state a viable claim for retaliation. Plaintiff has been granted leave to amend his complaint to plead factual allegations sufficient to raise a viable claim for retaliation. The Court will address defendant Chevalier's entitlement to qualified immunity following plaintiff's filing of a timely amended complaint.

F.   Further Dispositive Motions

On November 21, 2023, the Court granted defendants' motion to stay the deadline for dispositive motions pending a ruling on defendant Chevalier's motion to dismiss.

The stay is **LIFTED**. Defendant Cook's dispositive motions are due within **SIXTY DAYS** from date of this order. Any further dispositive motions by defendant Chevalier must be filed within **THIRTY DAYS** following plaintiff's filing of a timely amended complaint.

### III.  CONCLUSION

For the reasons shown above, the Court **ORDERS** as follows:

(1)   Defendant Chevalier's motion to dismiss (Docket Entry No. 13) is **GRANTED IN PART**.

(2)   Plaintiff's claims against defendant Chevalier for monetary damages in her official capacity are **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiff's retaliation claim against defendant Chevalier is **DISMISSED WITHOUT PREJUDICE**.

(4) Plaintiff is **GRANTED LEAVE** to file an amended complaint within **THIRTY DAYS** as set forth in this order.

(5) The stay as to dispositive motions is **LIFTED**. Defendant Cook's dispositive motions are due within **SIXTY DAYS**. Any further dispositive motions by defendant Chevalier must be filed within **THIRTY DAYS** following plaintiff's filing of a timely amended complaint.

Signed at Houston, Texas, on this the __6th__ day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE