United States District Court
Southern District of Texas
**ENTERED**
August 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MACK WATSON, JR., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. H-23-1128 |
| § | |
| RANDALL S. COOK, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this *pro se* state prisoner civil lawsuit is defendant Randall Cook's motion for summary judgment (Docket Entry No. 24). Although plaintiff was served a copy of the motion on November 4, 2024, he has not filed a response and the motion is deemed unopposed. *See* S.D. TEX. L.R. 7.4.

Having considered the motion for summary judgment, the exhibits, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff alleges under 42 U.S.C. § 1983 that defendant prison officer Major Randall Cook ("Cook"), a Texas Department of Criminal Justice ("TDCJ") employee, "slammed [him] to the ground in handcuffs, injuring his shoulder" at the Ellis Unit on September 15, 2022. (Docket Entry No. 7, p. 3.) The Court construes plaintiff's allegation as raising a claim against Cook for use of excessive force. Plaintiff sues Cook in his official and individual

capacity and seeks $20,000.00 in compensatory damages and $200,000.00 in punitive damages.

The record shows that, on September 15, 2022, while confined at the Ellis Unit, plaintiff was observed climbing from a holding cell onto the unit's windows. (Docket Entry No. 24, pp. 1–4; Ex. A.) He initially ignored orders from prison officers to return to the ground, but subsequently complied. *Id.* Cook was called to the scene, and he instructed officers to restrain plaintiff and escort him to the infirmary for a pre-disciplinary hearing detention physical. *Id.* During the escort, plaintiff became argumentative and hostile, kicking over a hallway podium. *Id.* At the infirmary, plaintiff was physically and verbally aggressive with medical staff, pulling away from security guards and lunging at Cook. *Id.* Cook ordered the guards to "take [plaintiff] to the ground," but plaintiff resisted their efforts to bring him under control. *Id.* Plaintiff was eventually brought to the ground and fully restrained, but continued yelling, threatening, and resisting the guards' efforts to place him in a pre-hearing detention cell. *Id.* Plaintiff was again taken to ground and placed in a pre-hearing detention cell. Plaintiff specifically alleges that Cook "slammed [him] to the ground in handcuffs, injuring his shoulder." (Docket Entry No. 7, p. 3.) Medical staff completed a cell-side examination, and noted that no injuries were observed. *Id.*; Ex. D. Plaintiff stated to staff that he had no injuries or breathing difficulties. *Id.* He was charged with and found guilty of a major disciplinary infraction for creating a disturbance that significantly disrupted prison operations. *Id.*; Ex. E.

In the pending motion, Cook moves for summary judgment dismissal of plaintiff's claims against him predicated on qualified immunity and the bar imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994). As noted above, plaintiff has not responded to the motion for summary judgment and the motion is unopposed.[1]

## II. ANALYSIS

### A. FRCP 56

Motions for summary judgment in federal court are governed by Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The burden then shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013).

---

[1] Plaintiff's retaliation claims against a second defendant, Angela Chevalier, were dismissed in an earlier order of partial dismissal. (Docket Entry No. 21.)

B.    Official Capacity Claims

Plaintiff seeks monetary damages against defendant Cook in his official capacity. Cook argues that plaintiff's official capacity claims against him for monetary damages are barred by sovereign immunity and should be dismissed.

Sovereign immunity bars actions against a state or state official unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Id.* Nor has the State of Texas waived its sovereign immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so.").

The fact that plaintiff has sued a state employee, rather than the State of Texas itself, does not change this analysis. When a government employee is sued in his official capacity, the employing entity is the real party in interest for the suit. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity"). Plaintiff's claim for money damages against Cook in his official capacity is construed as a claim against the State of Texas and is barred by the doctrine of sovereign immunity.

4

Cook is entitled to dismissal of plaintiff's claim for monetary damages against him in his official capacity, and the claim is **DISMISSED WITHOUT PREJUDICE**.

C.   Qualified Immunity

Cook moves for summary judgment on his affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Argueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023). Once an officer pleads qualified immunity, the plaintiff has the burden to establish that the officer violated the plaintiff's clearly established federal rights. *Id.* at 1088. "This is a demanding standard." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Because qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law, . . . we do not deny its protection unless existing precedent places the constitutional question beyond debate." *Argueta*, 86 F.4th at 1088 (internal citation omitted); *see also Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.").

Once a defendant asserts qualified immunity, "[t]he plaintiff bears the burden of negating qualified immunity." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To meet this burden, a plaintiff must meet two requirements: First, he must show that, viewing the facts in the light most favorable to him, the officers violated a federal right. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam). Second, he must show that the right

5

Case 4:23-cv-01128   Document 25   Filed on 08/04/25 in TXSD   Page 6 of 10

"was clearly established at the time of the violation." *Id.* at 656 (internal quotation marks and citation omitted).

To determine if an official acting within the scope of his or her duties is entitled to qualified immunity, courts conduct a two-step analysis. First, they examine whether the plaintiff has shown a violation of a constitutional right under current law. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022). Second, if a violation has occurred, courts determine whether the right in question was "clearly established" at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his conduct. *Id.* In short, an officer is entitled to qualified immunity "if there is no violation, or if the conduct did not violate law clearly established at the time." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 at *2 (5th Cir. Nov. 21, 2023). Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense alters the usual summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* To trigger the qualified immunity framework, however, the government official must "satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority." *Sweetin v. City of Texas City*, 48 F.4th 387, 392 (5th Cir. 2022).

6

The record shows that Cook was acting within the scope of his discretionary authority in using force to regain control over plaintiff, and plaintiff presents no probative summary judgment evidence to the contrary.

As noted earlier, plaintiff did not respond to Cook's motion for summary judgment as to qualified immunity. Consequently, plaintiff has not carried his burden of negating qualified immunity. While summary judgment cannot be granted for failure to respond, *see Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (holding that a motion for summary judgment cannot be granted simply because there is no opposition), the Court in this instance does not hold that Cook's motion should be granted solely for plaintiff's failure to respond. Rather, the Court concludes that the motion should be granted because, after Cook raised and briefed qualified immunity, plaintiff failed to meet his burden to defeat the defense. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). Plaintiff did not point to evidence establishing a genuine fact issue as to whether Cook's conduct violated clearly established law. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quotation omitted). And the Court has found no case law that would have put Cook on notice that his conduct undertaken in an effort to gain control over plaintiff during his disobedient, aggressive, and violent behavior was unlawful.

Plaintiff did not controvert Cook's claim to qualified immunity. Specifically, plaintiff failed to create a material fact issue as to whether Cook's conduct violated his constitutional

7

or other clearly established rights. Cook is entitled to summary judgment on his defense of qualified immunity.

D. *Heck* Bar

The probative summary judgment evidence submitted by Cook establishes that plaintiff received a disciplinary conviction for causing a significant disruption of prison operations by climbing up the windows and pulling away from staff while being escorted to the pre-hearing detention cell. (Docket Entry No. 24, Ex. E.) He was sanctioned with loss of recreation and commissary privileges and forfeiture of 120 days of good time credit. *Id.*, p. 9. Cook argues that the disciplinary conviction bars plaintiff's Eighth Amendment claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not contend, and the record does not show, that the disciplinary conviction has been reversed or otherwise set aside.

Under *Heck*, a prisoner may not bring a claim under 42 U.S.C. § 1983 if success on that claim would necessarily imply the invalidity of a prior conviction. Courts do not allow the use of § 1983 to collaterally attack a prior criminal proceeding, "out of concern for finality and consistency." *Aucoin v. Cupil*, 958 F.3d 379, 380–81 (5th Cir. 2020). That is, *Heck* prohibits the bringing of a claim under § 1983 if success on the claim would necessarily imply that a prior conviction or sentence is invalid. *Heck*, 512 U.S. at 486–87. *Heck* applies to disciplinary proceedings that affect the duration of a prisoner's sentence. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) ("A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence,

including the loss of good-time credits."). "The inquiry is 'fact intensive' and dependent on the precise nature of the disciplinary offense." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

A claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *Id.* A claim and a conviction may co-exist, however, if they are "temporally and conceptually distinct." *Poole v. City of Shreveport*, 13 F.4th 420, 426–27 (5th Cir. 2021). In the instant case, plaintiff was found guilty of causing a significant disruption of prison operations by climbing up the windows and pulling away from staff while being escorted to the pre-hearing detention cell. His claim against Cook is for use of excessive force in "slamming" him to the ground while handcuffed, injuring his shoulder. Plaintiff does not deny that he climbed the prison windows or pulled away from the officers; he claims that Cook used *excessive* force in asserting control over him. In short, plaintiff's allegation that Cook used excessive force against him would not necessarily be inconsistent with the validity of plaintiff's disciplinary conviction for causing a significant disruption of prison operations and pulling away from staff.

Plaintiff's disciplinary conviction is distinct from Cook's alleged use of excessive force, and the Court does not find that plaintiff's claim is barred by *Heck*. Cook's motion for summary judgment predicated on *Heck* is denied.

9

## III. CONCLUSION

For the reasons shown above, the Court **GRANTS IN PART** and **DENIES IN PART** defendant Randall Cook's motion for summary judgment (Docket Entry No. 24). Plaintiff's claims against Randall Cook in his individual capacity are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Randall Cook in his official capacity are **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 4th day of August, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE